

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
Attorney General

REGIONAL OFFICE DIVISION
NASSAU REGIONAL OFFICE

August 26, 2022

Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                                             Re: <u>Andrey Picinich v. Nassau County, et al. 18-cv-2018 (GRB/JMW)</u>

Your Honor:

      I am the Assistant Attorney General assigned to represent State Defendant in this action. I make this letter motion to address a discovery issue that requires resolution from the Court.

      Currently, Defendants' expert psychiatrist, Dr. Matthew Majeske, M.D. is scheduled to conduct a virtual independent medical examination ("IME") of Plaintiff Andrey Picinich on Monday, August 29, 2022. Dr. Majeske expressed a strong preference for an in-person examination, but deferring to Plaintiff's vacation schedule and preference for a virtual examination, Defendants agreed to a virtual IME. Dr. Majeske made his expectations clear that no counsel for either party, or other third parties would be present. Plaintiff's expert previously conducted an IME of Plaintiff, without Defendants' counsel present, and without giving notice, on July 12, 2022.

      Plaintiffs' counsel now states that he rejects that no counsel or any other third party may be present at Plaintiff's IME. Plaintiff's counsel states that there is no such prohibition under FRCP Rule 35. Counsel for Defendants will not be present at the IME, at the request of Dr. Majeske. Likewise, counsel for Defendants were not present at the IME of Plaintiff conducted by Plaintiffs' expert. Nor were Defendants' counsels given notice of the date and time of Plaintiff's expert's IME. In fact, Defendants did not know the nature of Plaintiff's expert disclosures prior to being served with them, following Plaintiff's IME.

      The presence of counsel or other third parties would impede the flow of communication between Plaintiff and the examiner, and Dr. Majeske has been clear that the presence of counsel will be disruptive to the examination.

      There is a presumption against having third parties present for the IME, as the IME,

"relies upon unimpeded one-on-one communication between doctor and patient." *Di Bari v. Incaica Cia Armadora*, 126 F.R.D. 12, 13 (E.D.N.Y. 1989). *See also Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 546 (S.D.N.Y. 1978) ("It has been consistently held, in connection with physical examinations under Rule 35, that counsel for the party being examined are not entitled to be present."). "Generally, attorneys are not permitted to attend a Rule 35 examination without a showing of special circumstances requiring their presence." *Edwina Rance & Westchester Residential Opportunities v. Jefferson Vill. Condo. No. 5*, 2019 U.S. Dist. LEXIS 238432, *12 (S.D.N.Y. 2019). First, the presence of an attorney impairs the effectiveness of an IME and renders it adversarial. *See Hirschheimer v. Associated Minerals & Minerals Corp.*, 1995 U.S. Dist. LEXIS 18378, *8 (S.D.N.Y. 1995). Second, an attorney who is present "becomes a potential witness in the client's trial, thus raising conflict of interest problems." *Id*.

"[F]ederal courts generally prohibit attorneys from being present during psychological examinations." *Borreca v. J.B. Hunt Transp. Servs.*, 2008 U.S. Dist. LEXIS 41727, *1-2 (E.D.N.Y. 2008). This is for good reason, as the free flow of communication is crucial to a psychological examination. The "success of a given psychiatric exam relies on an unimpeded conversation between physician and patient." *Hodge v. City of Long Beach*, 2007 U.S. Dist. LEXIS 72871, *18 (E.D.N.Y. 2007) (affirming award of sanctions against counsel for appearing at Rule 35 examination in bad faith).

Plaintiff bears the burden of showing special circumstances that necessitate the presence of counsel. *See Edwina Rance*, 2019 U.S. Dist. LEXIS 238432, *12. Plaintiff has shown no special circumstances necessitating presence of his counsel, which can only interfere with unimpeded communication between Plaintiff and the examining Doctor, and render the IME adversarial. Plaintiff has demonstrated no facts supporting a special circumstance that would warrant deviation from this general rule, nor have they shown any required "good cause" for presence of counsel. *See Reyes v. City of New York*, 2000 U.S. Dist. LEXIS 15078, *10 (S.D.N.Y. 2000). Counsel for Defendants were not present for the IME by Plaintiff's expert, and were not given any advance notice of the exam or opportunity to be present.

I have attempted to resolve this issue with counsel for Plaintiff in good-faith, pursuant to Local Rules 26.4 and 37.3 (a); however, attempts have not been successful. Counsel for Plaintiff insists that the IME be recorded, as a condition to agree not to be present. However, counsel for Plaintiff has again failed to show any good cause for the presence of a recording device, as he is required to. *See Robinson v. De Niro*, 2022 U.S. Dist. LEXIS 75185, *12 (S.D.N.Y. 2022) (stating that "the success of a given psychiatric exam relies on an unimpeded conversation between physician and patient, which cannot be assured if a recording device is present.") (internal citations omitted). Plaintiff's expert's IME was not recorded, to counsel's knowledge, and counsels for Defendants were never given notice of the IME's date or time, or subject, or even that it was happening. The onus is not on counsel for Defendants to seek out whether an unnoticed and unanticipated exam might theoretically happen, especially here where they were not even given notice of the nature or subject of Plaintiff's expert, prior to being served with expert disclosure on July 15, 2022.

Because the IME is scheduled for this coming Monday, August 29, 2022, this matter needs prompt attention. Unfortunately, Plaintiff's counsel only this morning made his insistence on attending the IME known, so this letter motion could not have been brought earlier. Therefore, it is requested that the Court issue an order pursuant to FRCP R. 26 (c), that no counsel, or any other third party, may attend the IME, and that the IME may only involve

Plaintiff and Dr. Majeske.

Thank you for your assistance.

                    Very truly yours,

                    */s/ Richard Yorke*

                    Richard Hunter Yorke
                    Assistant Attorney General

cc: All counsel of record by ECF