

PABLO A. FERNANDEZ
SENIOR COUNSEL
DIRECT TEL: 516.355.9628
DIRECT FAX: 516.355.9660
PFERNANDEZ@RFRIEDMANLAW.COM

August 26, 2022

**VIA ECF**
Honorable James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re.:   ***Andrey Picinich v. County of Nassau, et al.***
             Docket No.: 18-CV-2018(GRB)(JMW); File No.: L2579

Dear Judge Wicks:

The Russell Friedman Law Group, LLP represents Plaintiff Andrey Picinich in connection with the above-referenced matter. I write in response to and in opposition to State Defendants' application for a protective order [*DE99*] and to respectfully request that the examination be recorded as a compromise to the present dispute.

Prior to making the present application, undersigned and counsel for State Defendants met and conferred but were unable to resolve the present dispute. State Defendant is insistent that no one, other than Defendants' expert and Plaintiff, may be present at the examination. Further, State Defendant is instant that the examination not be recorded. Undersigned also reached out to County Defendants in attempt to ascertain their position as County Defendants had voiced no objection thus far. Seemingly, it is only State Defendants that object. *See DE99*.

At present, Plaintiff's examination is scheduled for August 29, 2022, at 5 p.m. The examination will be held virtually. Plaintiff's examination was confirmed on August 25, 2022, via email. In response to undersigned's email confirming the examination, State Defendants wrote as follows: "[i]t is stressed that the appointment can involve only the Dr. and Plaintiff. No attorneys or others are permitted to be present." Plaintiff objected to State Defendants' unilaterally declared prohibition and noted that FRCP 35 had no such prohibition.

In this Circuit there is no outright prohibition for counsel to be in attendance at an examination. *FRCP 35*. The Second Circuit has not ruled on the exclusion or inclusion of third parties at Rule 35 examinations. None has found an absolute right to have an attorney present or not present during



Hon. James M. Wicks
August 26, 2022

a psychiatric examination. Compare *Vreeland v. Ethan Allen*, 151 F.R.D. 551 (S.D.N.Y.1993) (permitting plaintiffs' attorney to attend psychological examinations); *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12 (E.D.N.Y.1989) (allowing a court reporter, but not an attorney, to be present at a psychiatric examination); with *Duncan v. Upjohn Company*, 155 F.R.D. 23 (D.Conn.1994) (plaintiff's physician not permitted to attend psychiatric examination); *Tonge v. Kelly*, No. 89 Civ. 4182 (E.D.N.Y. January 15, 1993) (no tape recording device permitted in psychiatric examination); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 546 (S.D.N.Y.1978) (plaintiff's attorney not permitted to attend psychiatric examination); *Swift v. Swift*, 64 F.R.D. 440 (E.D.N.Y.1974) (plaintiff's physician not permitted to attend examination to determine mental competency)

It appears that the various Districts' concern with permitting a third party to be present at Rule 35 examinations lies in the fact that a Rule 35 examination is not an adversarial proceeding and the wish of not to impede the examination. State Defendants, as further basis, point to the fact that Defendants did not attend Plaintiffs examination or that they were not notified of the examination. The crux of State Defendants' argument is notice. State Defendants were on notice of the nature of mental injuries claimed by Plaintiff as Plaintiff sat through two depositions in which Plaintiff detailed his injuries. Additionally, Defendants were well aware that Plaintiff intended to retain an expert and that Plaintiff would sit for an examination. At no point did either State Defendants or County Defendants indicate that they wished to be in attendance at the examination. Moreover, Plaintiff never declare that it would prohibit Defendants from attending. The presence of a third party would certainly aid in cross-examination of the expert as well as reduce the risk of any impropriety during the examination itself.

In an attempt to alleviate State Defendants' concerns of interference by counsel or a third-party and/or having the examination turn into an adversarial proceeding, undersigned proposed that the session be recorded and that no third -party would be in attendance. This compromise was summarily rejected by State Defendants.

Therefore, it is respectfully requested that State Defendants' application for a protective order be denied and that the examination of Plaintiff by Defendants' expert be recorded.

Thanking the Court for its time and consideration, I remain

Respectfully yours,
**THE RUSSELL FREIDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff*

By:    */S Pablo A. Fernandez*
Pablo A. Fernandez

cc:    All Parties (via ECF)