UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANDREY PICINICH,

                        Plaintiff,                                  **ORDER**
                                                                        18-cv-2018 (GRB) (JMW)

        -*against*-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
POLICE DEPARTMENT EMERGENCY
AMBULANCE BUREAU, NASSAU COUNTY
POLICE OFFICER JOHN DOES #1-10, fictitiously
named, NASSAU COUNTY POLICE OFFICER
AREVALO, NASSAU COUNTY POLICE
DEPARTMENT AMT DAVID REED, HELBERT A.
BONILLA, individually, JOHN DOES #1-10,
fictitiously named, NASSAU COUNTY DISTRICT
ATTORNEY, and NASSAU COUNTY ASSISTANT
DISTRICT ATTORNEY JOHN DOES #1-10,
fictitiously named,
                        Defendants.

-------------------------------------------------------------X

**A P P E A R A N C E S:**

Christopher Michael Arzberger
Pablo A. Fernandez
Charles H. Horn
**The Russel Friedman Law Group, LLP**
400 Garden City Plaza, Suite 500
Garden City, NY 11530
*For Plaintiff Andrey Picinich*

Stephen E. Carlin
**Nassau County Attorney's Office**
One West Street, 2nd Floor
Mineola, NY 11501
*Attorney for County Defendants*

1

Christina H. Bedell
Richard H. Yorke
**New York State Attorney General's Office**
200 Old Country Road
Mineola, NY 11501
*Attorney for Defendant Herbert A. Bonilla*

**WICKS,** Magistrate Judge:

On the eve of the scheduled Independent Medical Exam ("IME") of Plaintiff to be conducted virtually by Defendants' expert psychiatrist Dr. Matthew Majeske, M.D.,[1] Plaintiff's counsel insists he be present. Before the Court is Defendant Helbert A. Bonilla's motion for an order pursuant to Federal Rules of Civil Procedure 26(c) that no counsel, or any other third party for that matter, be permitted to attend the IME. (DE 99.) The County Defendants join in Defendant Bonilla's application. (DE 101.) The motion is opposed by Plaintiff. (DE 100.)

Plaintiff commenced this action on April 4, 2018, alleging Defendants violated his constitutional rights by, *inter alia*, issuing false charges and engaging in degrading and abusive treatment against Plaintiff after Plaintiff was involved in a car accident resulting from a seizure. (*See* DE 1.) Each Defendant has interposed an answer. (*See* DE 24, DE 31.)

Well into the fact discovery phase of litigation, on Friday, August 26, 2022, Defendant Bonilla filed a motion requesting an order that no counsel, or any third party, be permitted to attend Plaintiff's IME with Defendants' expert psychiatrist Dr. Majeske scheduled for Monday, August 29, 2022. (DE 99.) According to Defendant Bonilla, Plaintiff's counsel only made his insistence on attending the IME today, namely August 26, and upon efforts to resolve the issue in good faith, it appears the only condition under which Plaintiff's counsel would not attend is if the IME was recorded. (*Id.* at 2.) Defendant Bonilla insists that the presence of counsel, other third parties, or a recording device would impede the flow of communication between Plaintiff and Dr. Majeske

---

[1] The IME is scheduled for Monday, August 29, 2022, at 5:00pm.

2

and that the presence of counsel will be disruptive to the examination. (*Id.* at 1-2.) Defendant Bonilla argues that Plaintiff has not shown special circumstances as to warrant the presence of counsel or a recording device in the Plaintiff's IME.[2] The County Defendants agree. (DE 101.)

In opposition, Plaintiff argues that there is "no outright prohibition" against counsel attending an examination under Rule 35. (DE 100 at 1.) Plaintiff asserts that Defendant Bonilla's real issue with permitting Plaintiff's counsel to attend the examination is the fact that that defense counsel claims not to have had "notice" of Plaintiff's expert's IME and therefore did not attend. (*Id.* at 2.) Plaintiff asserts, however, that Defendants were on notice of the nature of Plaintiff's mental injuries insofar as Plaintiff had testified to the same during his deposition and were well aware that Plaintiff intended on retaining an expert and conducting an IME. (*Id.* at 2.) Plaintiff argues that the "presence of a third party would certainly aid in cross-examination of the expert as well as reduce the risk of any impropriety during the examination itself." (*Id.*) As a compromise, Plaintiff suggests that the Court permit the examination to be recorded. (*Id.*)

"Generally, attorneys are not permitted to attend a Rule 35 examination without a showing of special circumstances requiring their presence." *Rance v. Jefferson Vill. Condo. No. 5*, No. 18 CIV. 6923 (JCM), 2019 WL 12373336, at *4 (S.D.N.Y. Sept. 23, 2019). Similarly, "[c]ourts have generally permitted the . . . recording of examinations only where they have held that there is a right to have an attorney present at the examination, or where special circumstances have been shown." *Robinson v. De Niro*, No. 19-CV-9156(LJL)(KHP), 2022 WL 1210772, at *4 (S.D.N.Y. Apr. 25, 2022) (quotes omitted). "Special circumstances" may be that the adversary's expert will

---

[2] Defendant Bonilla further argues that Defendants were not given the opportunity to be present during Plaintiff's expert's IME of Plaintiff which took place on July 12, 2022. (*Id.* at 1-2.) Indeed, according to Defendant Bonilla, Defendants were not given notice of the date and time of Plaintiff's expert's IME and only discovered it occurred when served with expert disclosure on July 15, 2022. (*Id.*)

3

use improper techniques or be unable to properly communicate with the examinee, or that counsel or a *pro se* party needs to attend the examination to facilitate a more effective cross-examination. *Steinsnyder v. United States*, No. 09-CV-5407 SJ, 2012 WL 694724, at *1 (E.D.N.Y. Mar. 1, 2012); *Kleiman v. Geithner*, No. 03-CV-3829 (ERK), 2009 WL 10700252, at *2 (E.D.N.Y. Mar. 31, 2009).

The presence of attorneys at IMEs, especially psychiatric ones, are often denied in federal courts because of the special nature of such an examination which relies upon unimpeded one-on-one communication between doctor and patient. *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12, 13 (E.D.N.Y. 1989). Having an attorney present tends to impair the examination's effectiveness, renders it adversarial, and raises conflict of interest problems in that the attorney who is present becomes a potential witness. *Hirschheimer v. Associated Metals & Mins. Corp.*, No. 94 CIV. 6155(JKF), 1995 WL 736901, at *3 (S.D.N.Y. Dec. 12, 1995). Whether an attorney or third party is permitted to attend an examination is dependent on the facts of each case and in the discretion of the court. *Id.*; *Tirado v. Erosa*, 158 F.R.D. 294, 295 (S.D.N.Y. 1994).

Here, Plaintiff has failed to articulate any special circumstances which warrant the presence of counsel or a recording device during the April 26th IME. The general rule is in fact that no one else be present; others may be permitted only upon a showing of special circumstances. Plaintiff does not state any fact to suggest Dr. Majeske will use improper techniques or will be unable to properly communicate with Plaintiff. Nor does Plaintiff proffer *any* reason why Plaintiff will be unable to conduct an effective cross-examination without being present at the examination. Summarily stating, without more, that the "presence of a third party would certainly aid in cross-examination of the expert as well as reduce the risk of any impropriety during the examination itself" is insufficient. That boilerplate response does not warrant deviating from the norm.

Furthermore, while a recording device has been referred to as a "less intrusive measure" than the presence of a third party, Plaintiff has not demonstrated good cause as to justify the presence of such a device which will undoubtedly impede on the one-on-one communication between psychiatrist and patient. *Robinson*, 2022 WL 1210772, at *4 ("Because the success of a given psychiatric exam relies on an unimpeded conversation between physician and patient which cannot be assured if a recording device is present, and because Defendant has not shown that good cause exists to justify the presence of such device, or that special circumstances exist . . . plaintiff's examination shall not be videotaped") (internal quotes and cites omitted).

For the reasons stated above, Defendant Bonilla's motion is hereby GRANTED. The Plaintiff's IME will proceed as scheduled without the presence of counsel or a recording device.

Dated:  Central Islip, New York
       August 26, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5